IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:05cr150-F |
| | ) | |
| BEULAH FROST GRISSETT | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is the defendant's motion to dismiss the indictment and, in the alternative, motion for a bill of particulars (doc. # 26) filed on September 16, 2005. The defendant claims that count one of the indictment should be dismissed because "there is no discovery/evidence, other than the allegation in the indictment, showing Mrs. Grissett was involved in a conspiracy." (Mot. to Dismiss Count 1, at 2, ¶ 7). Count one of the indictment charges that

> [f]rom an unknown date and continuing to on or about April 10, 2003, the exact dates being unknown to the Grand Jury, in Covington County, Alabama, within the Middle District of Alabama and elsewhere, Ronnie Bennett Grissett, Beulah Frost Grissett, d/b/a/ Grissett Grocery, defendants herein, did knowingly and willfully combine, conspire, confederate and agree together with other persons known and unknown to manufacture five grams or more of methamphetamine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

(Indictment, Ct. 1).

"Under FED.R.CRIM.P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. deVegter*, 198 F.3d 1324 (11th Cir. 1999). The basis of the defendant's motion rests quintessentially

on questions of fact. Consequently, the motion to dismiss the indictment is due to be denied.

In the alternative, the defendant seeks a bill of particulars "clarifying the 'conspiracy' alleged in Count 1." (Mot. to Dismiss Count 1 at 3). A bill of particulars is warranted where, although an indictment is sufficient to withstand a motion to dismiss, it does not provide the defendant with enough information about the charges to prepare her defense. *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978).[1]

> The purpose of a true bill of particulars is three-fold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.' A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation.

*United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted, emphasis in original). Therefore, although information requested might be of some use to a defendant, this reason alone does not warrant the issuance of a bill of particulars. A bill of particulars is not a device designed to enable a defendant to engage in generalized discovery or to enable a defendant to obtain detailed exposition of the government's evidence or legal theories. *Id.*; *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). The indictment in this case sufficiently informs the defendant of the charges against her. Her request for additional information is not warranted.

Accordingly, it is

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

ORDERED that motion to dismiss indictment and in the alternative motion for a bill of particulars (doc. # 26) be and is hereby DENIED. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 24, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of October, 2005.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE