IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-150-F |
| | ) | (WO) |
| BEULAH FROST GRISSETT | ) | |

# <u>O R D E R</u>

On October 21, 2005, the defendant filed an Unopposed Motion to Continue Trial (Doc. #37). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that defense counsel received approximately 416 additional pages of discovery from the government on October 14, 2005. The new discovery referenced at least ten additional witnesses whom the defense has yet located or interviewed. It would be impossible t complete the investigation of this new discovery on or before the November 7,

2005 trial date and is in the interest of justice to continue the trial of this matter.  Counsel for the government does not object to a continuance of the November 7 trial date.  Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial.   See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1.  That the defendant's motion filed on October 21, 2005 is GRANTED;

2.  That the trial of this defendant is continued from the November 7, 2005 trial term to the February 13, 2006 trial term.

3.  That the Magistrate Judge conduct a pretrial conference prior to the February 13, 2006 trial term.

DONE this 26th day of October, 2005.


_____
        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE