IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
          v.                  )     CR. NO. 2:05cr150-LSC
                              )
RONNIE BENNETT GRISSETT and   )
BEULAH FROST GRISSETT d/b/a   )
GRISSETT GROCERY              )
```

<u>PRELIMINARY ORDER OF FORFEITURE</u>

WHEREAS, in the Forfeiture Allegation of the Information in the above case, the United States sought forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea for Count 1 of the Information, for which the Government sought forfeiture of the property described below pursuant to Title 21, United States Code, Section 853 and the offense as alleged in Count 1 of the Information, the defendants Ronnie Bennett Grissett and Beulah Frost Grissett shall forfeit to the United States:

> Lots 3 and 4 in Block "B" and all of Block "C", Plat No. I of the Hern Estate Land, Gantt, Alabama, said plat being recorded in the office of the Judge of Probate of Covington County, Alabama, in Plat Book 4, page 14, said parcel of land being more particularly described as follows:  Starting at the point where the North right of way line of U.S. Highway No. 29 intersects the East right of way line of the River Falls Road and thence running in an Easterly direction along the North right of way line of U.S. Highway No. 29 to the point where said North right of way line intersects the South right of way line of the Central of Georgia Railroad; thence running in a Northwesterly direction

along the said South or Southern right of way of said railroad to a point where said Southern right of way line intersects the East right of way line of said River Falls Road; thence running South along said East right of way line of said River Falls Road to the point of beginning.  Less and Except a 20 foot square lot to Southeast Alabama Gas District. All of said lots being in the NE1/4 of SE1/4 of Section 18, Township 5, Range 16.

2.   The Court has determined based on the record and the forfeiture allegation in the Information, that the above described real property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, that defendants Ronnie Bennett Grissett and Beulah Frost Grissett have an interest in said real property and, that the government has established the requisite nexus between said real property and the offenses allowing forfeiture.

3.   Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the real property, and to conduct any discovery proper in identifying, locating or disposing of said real property, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.   Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.   The United States shall publish notice of the Order and its intent to dispose of the real property in such a manner as the United States Attorney General (or a designee) may direct.   The

2

United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in said real property.

6. Any person, other than the above named defendants, asserting a legal interest in the real property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the said real property, and for an amendment of the order of forfeiture pursuant to Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the real property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest and the time and circumstances of the petitioner's acquisition of the right, title or interest in said real property, any additional facts supporting the petitioner's claim and the relief sought.

9. Upon the filing of any motion under Fed.R.Crim.P. 32.2(c)(1)(A) and Title 21, United States Code, Section 853(n) and pursuant to Fed.R.Crim.P. 32.2(c)(1)(B) and before a hearing, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the real property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office for the Middle District of Alabama.

Done this 14th day of February 2006.


_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019